**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

VERNON LLOYD JOHNSON,

      Petitioner,

v.                                                    Case No. 14-11717

RANDY HAAS and
THE MICHIGAN PAROLE BOARD,

      Respondents.
_____/

**OPINION AND ORDER DISMISSING CASE**

      Petitioner Vernon Lloyd Johnson has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The petition and exhibits allege that, on October 7, 2013, Petitioner was arrested, and on October 10, 2013, he was charged with violating the conditions of his parole. The specific charges were changing his residence without permission, failing to report to his field agent, and performing inappropriate sexual acts. (Dkt. # 1, Pg. ID 11.) Petitioner waived his right to a preliminary parole violation hearing and pleaded guilty to changing his residence without permission and failing to report to his field agent, but denied having inappropriate relations with the woman whom he claimed was his wife of twenty-two years. On December 4, 2013, the Michigan Parole Board revoked Petitioner's parole and the Michigan Department of Corrections assumed custody of Petitioner. On December 24, 2013, Petitioner was transferred to the G. Robert Cotton Correctional Facility in Jackson, Michigan where he currently resides.

Petitioner claims that he never received a parole revocation hearing and that the failure to provide him with a fact-finding hearing is a violation of his right to due process. He contends that he has been prejudiced by the delay in conducting a hearing because his accuser and his witnesses have moved to California and he is now prevented from establishing his innocence.

A threshold question is whether Petitioner has exhausted state remedies for his claims.  State prisoners are required to exhaust available state remedies before they present their claims to a federal court in a habeas corpus petition.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847.  Thus, to properly exhaust state remedies, a habeas petitioner must fairly present each of his or her claims to the state court of appeals and to the state supreme court.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner alleges that he has done all that he could to seek a final parole revocation hearing.  The petition and exhibits demonstrate that Petitioner filed a grievance in which he complained of being confined in a level-one correctional facility while he was on parole.  The Michigan Department of Corrections, however, denied Petitioner's grievance for lack of merit because he was considered a technical parole violator whose parole was revoked on December 4, 2013.  Petitioner also wrote letters to the Michigan Parole Board without success.

2

Under Michigan law, the proper remedy for the alleged failure to conduct a fact-finding hearing in a parole revocation case is to file a state complaint seeking a writ of mandamus.  *Jones v. Dep't of Corr.*, 664 N.W.2d 717, 719, 724 (Mich. 2003).  An action for mandamus may be brought in the state circuit court or the Michigan Court of Appeals, Mich. Ct. R. 3.305(A)(1), and if Petitioner is unsuccessful there, he may apply for leave to appeal in the Michigan Supreme Court.  *See* Mich. Ct. R. 7.301, 7.302.  Petitioner has an available state remedy for his claim, and he has failed to carry his burden of showing that he exhausted that remedy by pursuing his claim in the Michigan Court of Appeals and in the Michigan Supreme Court.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner's case will therefore be dismissed without prejudice.

Further, because reasonable jurists would not debate the correctness of the court's procedural ruling, a certificate of appealability will be denied.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly,

IT IS ORDERED that the habeas corpus petition (Dkt. # 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 21, 2014, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522